UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ARTHUR G. GRANT | * | CIVIL ACTION NO. 18-0195 |
| vs. | * | JUDGE TERRY A. DOUGHTY |
| UNITED STATES OF AMERICA | * | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

On April 30, 2019, the Court was informed of the death of Plaintiff's counsel. [doc. # 21]. On June 6, 2019, the Court ordered Plaintiff to enroll new counsel or inform the Court that he intends to continue pro se within thirty (30) days. [doc. # 25]. The foregoing deadline lapsed with no response from Plaintiff. Accordingly, on July 17, 2019, the Court ordered Plaintiff to "show cause, in writing, why his Complaint should not be dismissed for failure to comply with an order of this Court. Fed. R. Civ. P. 41(b)." [doc. # 26]. Plaintiff was warned that his "failure to respond will serve as a tacit acknowledgement that he no longer wishes to pursue the matter." (*Id.*) Plaintiff did not respond to the Show Cause Order.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). A court may dismiss an action sua sponte as long as the procedure employed is fair. *McCoy v. Wade*, No. CIV.A.06 2292, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007). Addressing claims in a Report and Recommendation is fair because the plaintiff is given sufficient notice of and the opportunity to respond to the possible dismissal before the district judge acts. *Id.*

1

Plaintiff's former attorney's law firm provided the Court with Plaintiff's mailing address. [doc. # 24]. No mailings have been returned, and Plaintiff has not provided the Court with any notice of change of address. Therefore, the undersigned presumes Plaintiff received the June 6 and July 17, 2019 Orders but chose to ignore them. Plaintiff has had ample time to secure new counsel or demonstrate a desire to proceed without counsel. That Plaintiff has taken no action in response to the Court's Orders indicates a lack of interest in his case. Proceeding further with this action would be a waste of time and resources for both the Court and Defendant. Under these circumstances, dismissal without prejudice is the best exercise of the Court's discretion.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **DISMISSED WITHOUT PREJUDICE** for failure to comply with the orders of this Court. Fed. R. Civ. P. 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. The District Judge will consider timely objections before making a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 29th day of July 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE